Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 15, 2013, which, following a traverse hearing, denied defendant-appellant’s motion to dismiss the complaint and vacate the judgment issued against her, and reinstated a previously vacated Judgment of Foreclosure and Sale, dated August 14, 2012, unanimously affirmed, without costs.
Plaintiff satisfied its burden of establishing personal jurisdiction over defendant-appellant (defendant), pursuant to CPLR 308 (2). At the traverse hearing, the process server testified that, after attempting to personally serve defendant and her husband at their apartment building, he delivered the pleadings to the building’s doorman, a “person of suitable age and discretion” (CPLR 308 [2]; F.I. duPont, Glore Forgan & Co. v Chen, 41 NY2d 794, 797 [1977]). The process server also testified that, consistent with his affidavit of service, he then mailed the pleadings to defendant’s residence. Although the mailings were mistakenly addressed, under the circumstances of this case, the mailing requirement of CPLR 308 (2) was satisfied.
We have considered defendant’s remaining arguments and find them unavailing.
Concur — Friedman, J.E, Acosta, Saxe, Feinman and Gische, JJ.